IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| C.R.L., | * |
|     Petitioner, | * |
| vs. | *    CASE NO. 4:25-cv-175 (CDL) |
| TERRENCE DICKERSON, *et al.*, | * |
|     Respondents. | * |

O R D E R

Petitioner's claim for habeas corpus relief has an Alice in Wonderland quality to it. The surreal nature of the arguments requires a willingness to embrace the absurd. With no recognition that he is the author of his own misfortune, Petitioner complains that Respondents' attempt to enforce the Nation's immigration laws violates his rights as a non-citizen. As explained in the remainder of this Order, Petitioner's complaints are addressed to the wrong court, and this Court finds disingenuous his lawyers' attempt to manufacture jurisdiction by making words mean whatever the lawyers want them to mean. Well established precedent makes clear that this Court has no jurisdiction to hear the claims presented here for habeas corpus relief. They must be directed to the appropriate immigration court and/or the Circuit Court of Appeals. His motion for stay of his removal and preliminary injunctive relief is therefore denied (ECF No. 9), and his petition

for habeas corpus is dismissed in its entirety for lack of jurisdiction and mootness.[1]  The Court's previous order maintaining the status quo is likewise vacated.

FACTUAL BACKGROUND

Petitioner is a native of Cuba.  He entered the United States illegally, and while here, committed serious felony offenses, earning him an imprisonment sentence of over three years.[2]  After his release from the United States Bureau of Prisons, Petitioner was detained by Respondents subject to a final order of removal.  His removal was delayed because Cuba would not take him back and refused to accommodate his deportation, likely due in part to his criminal record.  Dissatisfied with his detention accommodations and impatient with the amount of time it was taking to remove him, which in large part was due to his country of origin refusing to accept him back, Petitioner filed the present petition for habeas corpus seeking to be released from detention until the United States could find a country that would take him.  Now that the United States has found a country that will take him, Mexico, he

---

[1] Petitioner's original habeas corpus petition sought release from detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), based on his contention that his detention had been unreasonably prolonged with no reasonable expectation that he would soon be removed.  He now acknowledges that his detention may soon end with his removal to Mexico, and thus his *Zadvydas* claim has evolved into a claim that the Court should prevent his removal to Mexico.  In light of this evolution of the circumstances, the Court finds the original *Zadvydas* claim to be moot.

[2] Petitioner was convicted of conspiracy to commit bank fraud and conspiracy to commit money laundering.  Resp'ts' Resp. to Pet'r's Mot. to Stay Removal and for TRO Ex 1, Removal Order 3, ECF No. 14-1.

nevertheless remains dissatisfied, complaining that he would prefer another option. Thus, Respondents are presented with the following dilemma: someone enters the United States illegally, violates criminal laws unrelated to immigration, is detained for removal, can't be removed to his country of origin in part because of his own conduct, complains that he has been detained too long while Respondents attempt to find a country that will accommodate his removal, and when they do find such a country, he objects to being sent there.[3]

## DISCUSSION

While these circumstances may present interesting legal and factual issues, they cannot be resolved by this Court. The federal district courts do not have the statutory or constitutional authority, i.e., jurisdiction, to hear such claims. As explained in the following discussion, Congress has reposed that jurisdiction exclusively in the administrative immigration courts and the Circuit Court of Appeals.

It is undisputed that a final order of removal has been issued for Petitioner. He has no legal right to remain in the United States. It is further undisputed that his country of origin, Cuba, will not presently take him back. According to Respondents,

---

[3] The Court's characterization of the circumstances in this case is not intended to diminish the right of a non-citizen to contest being removed to a country where he may be tortured or where his life and safety are otherwise endangered. Such claims, however, must be asserted consistent with the law and pursued in the proper jurisdiction.

Mexico, however, will accept him. Respondents have consequently notified Petitioner that he will be removed to Mexico and provided him with a meaningful opportunity to object to that removal.[4]

Under these circumstances, the Court finds that it does not have jurisdiction to consider Petitioner's claim that he should not be removed to Mexico. Congress has removed habeas corpus jurisdiction from the district courts when a claim relates to the execution of a final order of removal. *See* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional . . . provisions" which "aris[e] from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section."); *Id.* § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . under any provision of this chapter."). Petitioner's avenue for relief is

---

[4] Respondents provided this opportunity pursuant to a preliminary injunction issued by a Massachusetts district judge in the case of *D.V.D. v. U.S. Dep't of Homeland Sec.*, 1:25-cv-10676, 2025 WL 1142968 at *25 (D. Mass. Apr. 18, 2025). While this process was being exercised, the Massachusetts district court's preliminary injunction upon which the process was based was stayed by the United States Supreme Court. *Dep't of Homeland Sec. v. D.V.D.*, No. 24A1153, 2025 WL 1732103 (U.S. June 23, 2025). In light of this stay, Respondents take the position that they are no longer bound by the Massachusetts district court injunction, but they have not decided whether they will continue to follow that process for Petitioner. Notwithstanding the lack of any commitment by Respondents regarding the process going forward, Petitioner has taken advantage of the process by filing a petition with the immigration court in Texas to reopen his case, so that he can contest his removal to Mexico. In Alice in Wonderland terms, this case just gets "curiouser and curiouser." Lewis Caroll, Alice's Adventures in Wonderland 15 (1865).

4

the immigration court and/or the Circuit Court of Appeals. *Id.* Here, a final order of removal was issued. When Respondents determined that it was impracticable to remove Petitioner to his country of origin, it informed Petitioner that he would be removed to Mexico. Respondents certainly had the authority to make this determination. *See* 8 U.S.C. § 1231(b)(1)(C)(iv) (allowing the government to remove aliens arriving in the United States to any country that will accept the alien if it is "impracticable, inadvisable, or impossible" to send the alien to their home country); *Id.* at § 1231(b)(2)(E)(vii) (providing the same authority for "[o]ther aliens"). Upon making that determination, they notified Petitioner of his opportunity to contest the removal, which he is in the process of doing.

Acknowledging the well-established precedent that this Court has no jurisdiction to interfere with the execution of a final order of removal, Petitioner's counsel nevertheless argued in her initial brief that seeking to prevent Petitioner's removal, which removal is being executed pursuant to a final order of removal, is somehow not asking this Court to interfere with the execution of a final order of removal. This argument is not supported by applicable law. *See Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 700 (11th Cir. 2011) (per curiam) (finding the district court lacked jurisdiction over a challenge to the recission of lawful permanent resident status because, while not

5

explicitly a challenge to an order of removal, it challenged the "substance" of the order of removal because it "called into question" the "very essence" of the removal and sought a stay of removal and reopening of removal proceedings); *Nasrallah v. Barr*, 590 U.S. 573, 582 (2020) ([R]ulings that affect the validity of the final order of removal merge into the final order of removal for purposes of judicial review."). Only in Alice's Wonderland, where words mean whatever someone wants them to mean, would lawyers be so bold to argue that "interference with a final order of removal" does not really mean "interference with a final order of removal."[5]  In today's telephonic hearing on the pending motion, counsel's argument on this issue seemed to soften a bit, which candor was welcomed by the Court.

## CONCLUSION

Because this Court does not have subject matter jurisdiction to consider Petitioner's claims, Petitioner has failed to demonstrate that he is likely to prevail on the merits. Thus, he is not entitled to preliminary injunctive relief, and his motion for temporary restraining order and stay of removal (ECF No. 9) is denied. *Munaf v. Geren*, 553 U.S. 674, 690 (2008) (noting that a party seeking preliminary injunctive relief must demonstrate a likelihood of success on the merits). Moreover, his entire

---

[5] "When I use a word, . . . it means just what I choose it to mean-neither more nor less." Lewis Caroll, Through the Looking Glass, and What Alice Found There 124 (1871)

6

petition for habeas corpus relief must be dismissed because the Court does not have subject matter jurisdiction to decide the merits of his current claim, and his original *Zadvydas* claim is now moot in light of his imminent removal to Mexico.[6]  It follows that this Court's previous order maintaining the status quo until the Court could decide the claims pending in this Court is hereby vacated.  The dismissal of Petitioner's claim for habeas corpus relief does not necessarily leave Petitioner without a remedy. But he must pursue it with the administrative immigration court and/or the Circuit Court of Appeals.

    IT IS SO ORDERED, this 30th day of June, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[6] Nothing in today's order should be interpreted to prevent Respondents from revisiting their conclusion that it is impracticable to remove Petitioner to Cuba.

7